FILED

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

2024 DEC 19 P 3:00

| | |
|---|---|
| Microsoft Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>Does 1-10 Operating an Azure Abuse Network,<br><br>    Defendants. | Case No. _____<br><br>FILED UNDER SEAL |

**MICROSOFT CORPORATION'S EMERGENCY *EX PARTE* MOTION AND
MEMORANDUM IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY**

Plaintiff Microsoft Corp. ("Microsoft"), by counsel and pursuant to Fed. R. Civ. P. 26(d), moves this court *ex parte* to grant it leave to conduct expedited third-party discovery narrowly tailored to identifying the persons in control of the computers, websites, and software at issue in this case. In support, Microsoft states as follows:

Federal Rule of Civil Procedure 26 generally prohibits discovery before the parties have conducted a Rule 26(f) discovery conference. *Kia Motors Am., Inc. v. Greenbrier GMC, Inc.*, Civil Action No. 2:20CV428 (RCY), 2020 U.S. Dist. LEXIS 252505, at *11 (E.D. Va. Dec. 11, 2020). However, courts often permit discovery to commence before a Rule 26(f) conference for a variety of reasons, such as to permit a party to prepare for injunction proceedings, *ForceX, Inc. v. Tech. Fusion, LLC*, 2011 U.S. Dist. LEXIS 69454, at *15 (E.D. Va. June 27, 2011), to "protect the effectiveness of discovery," *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982), and to preserve evidence at risk of being lost, *e.g., Chryso, Inc. v. Innovative Concrete Sols. of the Carolinas, LLC*, No. 5:15-CV-115-BR, 2015 U.S. Dist. LEXIS 182856, at *16 (E.D.N.C. June 29, 2015). No uniform standard exists in the Fourth Circuit for determining whether to expedite discovery. *E. Coast Fire Prot. v. Muhammad*, Civil Action No. 3:08CV511-HEH, 2008 U.S.

Dist. LEXIS 142621, at *12 n.5 (E.D. Va. Sep. 17, 2008) (collecting and comparing cases); *Kia Motors,* 2020 U.S. Dist. LEXIS 252505, at *12 ("district courts have applied differing standards"). But under any applicable standard, expedited discovery is warranted here.[1]

Courts commonly apply a "'reasonableness' or 'good cause'" standard that takes "into account the totality of the circumstances," including factors such as "whether the discovery at issue is narrowly tailored," "whether the requesting party would be irreparably harmed by waiting until after the parties conduct their Rule 26(f) conference," and the risk that "the documents or information sought through discovery will be unavailable in the future or are subject to destruction." *Kia Motors*, 2020 U.S. Dist. LEXIS 252505, at *12. These important factors support expedited discovery in this case.

First, the expedited discovery Microsoft seeks is narrowly tailored to identifying the persons in control of the computers, websites, and software at issue in this case. Where the "purpose of the expedited discovery is to name the Defendants," and where "Plaintiff will not be able to serve the Complaint on Defendants and, in turn, will not receive remedies," expedited discovery is justified. *E.g., Hard Drive Prods. v. Doe*, No. 2:11cv345, 2011 U.S. Dist. LEXIS 73159, at *5 (E.D. Va. July 1, 2011); *Williams v. Estates, LLC*, No. 1:19CV1076, 2019 U.S. Dist. LEXIS 242675, at *7 (M.D.N.C. Nov. 5, 2019) ("expedited discovery has been found appropriate in copyright infringement cases to discover the identities of Doe defendants") (collecting cases); *Malibu Media, LLC v. Doe*, No. WDQ-14-0252, 2014 U.S. Dist. LEXIS 85920, at *1 (D. Md. June 23, 2014) (allowing expedited discovery from the Internet Service

---

[1] Some courts in the Eastern District of Virginia apply a modified preliminary injunction test in determining whether to grant expedited discovery needed for purposes of injunction proceedings. *Id.* That standard is not a good fit where, as here, the expedited discovery is not sought to gather evidence in support of an injunction. *E. Coast Fire Prot.*, 2008 U.S. Dist. LEXIS 142621, at *12 n.5. Microsoft already has the evidence necessary to establish entitlement to injunctive relief.

Provider associated with the Defendant's IP address to learn the subscriber's identity."); *Volkswagen Grp. of Am., Inc. v. Unincorporated Ass'n Identified in Schedule A*, No. 1:20-cv-1437, 2021 U.S. Dist. LEXIS 258343, at *6 (E.D. Va. Jan. 26, 2021) (same).

Second, the expedited discovery is necessary to avoid the potential loss of evidence. Defendants are technologically capable and sophisticated scofflaws. If given prior notice of this motion before Microsoft can serve subpoenas and trigger third party preservation obligations, Defendants could delete API keys, logs, and other technical artifacts that may be important evidence in this case. Lyons Decl. ¶ 59. In addition, certain deleted artifacts might be irretrievably lost due to third party data retention and destruction policies. *See, e.g., Microsoft Corp. v. Doe*, No. 1:21-cv-822 (RDA/IDD), 2021 U.S. Dist. LEXIS 218557, at *15 (E.D. Va. July 30, 2021) (ordering third party ISPs to preserve evidence). For some providers, only a subpoena may trigger suspension of data destruction policies, and it is important for that suspension to occur before Defendants know that their information is being subpoenaed as evidence in this case. "A majority of District Courts have granted expedited discovery where evidence…may no longer be available at a later date." *See Hard Drive Prods. v. Doe*, 2011 U.S. Dist. LEXIS 73159, at *6 (E.D. Va. July 1, 2011) (collecting cases).

Third, Microsoft is subject to irreparable harm absent expedited discovery. The inability to identify Defendants, to obtain relief on Microsoft's claims, and potential loss of evidence are all forms of irreparable harm. *See, e.g., id.* The fact that Defendants' underlying conduct is causing Microsoft irreparable harm also weighs in favor of expedited discovery. *Kia Motor*, 2020 U.S. Dist. LEXIS 252505, at *11.

Finally, *ex parte* relief is appropriate in light of the facts presented. It is well settled that "ex parte orders of very limited scope and brief duration may be justified in order to preserve

evidence where the applicant shows that notice would result in destruction of evidence." *E.g.*, *First Tech. Safety Sys. v. Depinet*, 11 F.3d 641, 651 (6th Cir. 1993); *Diretto v. Country Inn & Suites by Carlson*, No. 1:16cv1037(JCC/IDD), 2016 U.S. Dist. LEXIS 110322, at *9 (E.D. Va. Aug. 18, 2016). Where, as here, an aggrieved party brings forth evidence "indicating the defendant's past willingness to…conceal evidence," it is proper to find that "the adverse party is likely to take the opportunity" to conceal evidence or engage in "deceptive conduct" warranting *ex parte* relief. *Id*. Defendants have already gone to great lengths to obfuscate their identities and conceal their misconduct, from using stolen customer credentials to setting up the Reverse Proxy Service to hide information about the client-side users of the de3u software. Such conduct supports Microsoft's entitlement to *ex parte* expedited discovery. *Microsoft Corp. v. Doe*, No. 1:21-cv-822 (RDA/IDD), 2021 U.S. Dist. LEXIS 218557, at *15.

    For the reasons set forth herein, Microsoft respectfully requests that this Court authorize Microsoft to engage in targeted third-party discovery.

Dated: December 19, 2024

Respectfully submitted,

_____

JOSHUA CARRIGAN (VA Bar No. 96911)
jcarrigan@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone: + 202 339 8400
Facsimile: + 202 339 8500

ROBERT L. URIARTE (*Pro Hac Vice* forthcoming)
ruriarte@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
355 S. Grand Ave.
Ste. 2700
Los Angeles, CA 90017
Telephone: + 1 213 629 2020
Facsimile: + 1 213 612 2499

JACOB M. HEATH (*Pro Hac Vice* forthcoming)
jheath@orrick.com
ANA M. MENDEZ-VILLAMIL (*Pro Hac Vice* forthcoming)
amendez-villamil@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: + 1 415 773 5700
Facsimile: + 1 415 773 5759

LAUREN BARON (*Pro Hac Vice* forthcoming)
lbaron@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019
Telephone: + 1 212 506 5000
Facsimile: + 1 212 506 5151

*Of Counsel:*

RICHARD BOSCOVICH
rbosco@microsoft.com
**MICROSOFT CORPORATION**
Microsoft Redwest Building C
5600 148th Ave NE
Redmond, Washington 98052
Telephone: + 425 704 0867
Facsimile: + 425 706 7329

*Attorneys for Plaintiff*
MICROSOFT CORPORATION