UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DOES 1-10 OPERATING AN AZURE ABUSE NETWORK,<br><br>Defendants. | 2024 DEC 19  P 3: 02<br><br>Case No. _____<br><br>FILED UNDER SEAL |

**MICROSOFT CORPORATION'S EMERGENCY *EX PARTE* MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO PERMIT ALTERNATIVE MEANS OF SERVICE OF PROCESS**

Plaintiff Microsoft Corp. ("Microsoft"), by counsel and pursuant to Fed. R. Civ. P. 4(f) and (k) and Local Civil Rule 7, respectfully submits this *ex parte* motion to permit alternative means of service of process of the Complaint against Does 1-10 Operating an Azure Abuse Network ("Defendants"). Plaintiffs request that the Court permit them to serve Defendants by emails to Defendants' known email addresses, emails to the "abuse" contacts for the third-party ISPs whose services Defendants have used to conduct the Azure Abuse Enterprise.

As set forth in the Complaint, Microsoft brings this action to protect itself, its customers, and the public from Defendants' malicious scheme to misuse Microsoft systems and technology for improper and illegal purposes, including the unlawful generation of harmful images using Microsoft's Azure OpenAI Service. Plaintiff is unaware and uncertain of the true names and capacities of Defendants. Based on the information it has been able to gather to date, Microsoft is informed and believes that Does 1-3, and at least one of Does 4-10, reside outside the United States. Accordingly, Microsoft respectfully

1

requests an order authorizing alternative service of process on Defendants pursuant to Fed. R. Civ. P. 4(f) and (k).

Under Federal Rule of Civil Procedure 4, courts may order service of process on individuals in a foreign country by "means not prohibited by international agreement." *JFXD TRX Acq LLC v. Trx.Com,* Civil Action No. 1:23-cv-217 (CMH/LRV), 2023 U.S. Dist. LEXIS 238064, at *1-2 (E.D. Va. Apr. 3, 2023). "Rule 4(f) does not denote a hierarchy or preference for one method of service over another," and "service under Rule 4(f)(3) is 'neither a 'last resort' nor 'extraordinary relief.'" *Id.* (citations omitted) "The only limitations on Rule 4(f)(3) are that the means of service must be directed by the court and must not be prohibited by international agreement." *Id.* To "fulfill due process requirements under Rule 4(f)(3), the Court must approve a method of service that is 'reasonably calculated' to give notice to defendant." *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)); *see Overstock.com, Inc. v. Visocky,* 117CV1331LMBTCB, 2018 WL 5075511, at *4 (E.D. Va. Aug. 23, 2018), report and recommendation adopted, 2018 WL 5046673 (E.D. Va. Oct. 17, 2018) (service via email on foreign defendant is "reasonably calculated" to provide notice)).

Given the likelihood that it will be difficult to quickly identify current physical address information for Defendants, Lyons Decl. ¶ 60, effecting service via Defendants' digital addresses is the best way to provide Defendants with timely actual notice and the process to which they are due. *See, e.g., id.* Microsoft has uncovered several email accounts associated with different DOE Defendants. In addition, Defendants have made themselves available for email communication through the "abuse" contacts for the third-party ISPs whose services Defendants have used to conduct the Azure Abuse Enterprise. Lyons Decl. ¶ 60. By sending notice of this lawsuit and the pleadings as attachments to Defendants' known email addresses and ISP abuse channels,

2

Microsoft will ensure that each Defendant will receive notice of this case and all relevant papers. Courts routinely find that serving defendants via email as Microsoft proposes to do here is reasonably calculated to provide notice. *WhosHere, Inc. v. Orun*, Civil Action No. 1:13-cv-00526-AJT-TRJ, 2014 U.S. Dist. LEXIS 22084, at *9 (E.D. Va. Feb. 20, 2014) ("Several courts have permitted service of process by email...")(collecting cases); *Microsoft Corp. v. Doe*, Civil Action No. 1:13cv139, 2014 U.S. Dist. LEXIS 48398, at *7 (E.D. Va. Jan. 6, 2014).

The methods of notice and service proposed by Microsoft have been approved in other cases involving international defendants attempting to evade authorities. *See e.g., Rio Properties, Inc. v. Rio Int'l. Interlink*, 284 F.3d 1007, 1014-1015 (9th Cir. 2002) (authorizing service by e-mail upon an international defendant); *Microsoft Corp. v. John Does 1-27*, Case No. 1:10-cv-156 (E.D. Va. 2010, Brinkema J.); *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 535036 (E.D. Va. 2005) (acknowledging that courts have readily used Rule 4(f)(3) to authorize international service through non-traditional means); *AllscriptsMisys, LLC v. Am. Digital Networks, LLC*, 2010 U.S. Dist. LEXIS 4450, *3 (D. Md. 2010) (granting *ex parte* TRO and order prompting "notice of this Order and Temporary Restraining Order as can be effected by telephone, electronic means, mail or delivery services.").

Such service is particularly warranted in cases such as this involving Internet-based misconduct, carried out by international defendants, causing immediate, irreparable harm. As the Ninth Circuit observed:

> [Defendant] had neither an office nor a door; it had only a computer terminal. If any method of communication is reasonably calculated to provide [Defendant] with notice, surely it is e-mail-the method of communication which [Defendant] utilizes and prefers. In addition, e-mail was the only court-ordered method of service aimed directly and instantly at [Defendant] ... Indeed, when faced with an international e-business scofflaw, playing hide-and-seek with the federal court, e-mail may be the only means of effecting service of process.

*Rio Properties, Inc.*, 284 F.3d at 1014-1015. Notably, *Rio Properties* has been followed in the Fourth Circuit. *See FMAC Loan Receivables*, 228 F.R.D. at 534 (E.D. Va. 2005) (following *Rio*); *BP Prods. N. Am, Inc.*, 232 F.R.D. at 264 (E.D. Va. 2005) (same); *Williams v. Adver. Sex L.L.C.*, 231 F.R.D. 483, 486 (N.D. W. Va. 2005) ("…the Court adopts the reasoning of the Ninth Circuit in *Rio Properties, Inc.* …").

In this case, the e-mail addresses provided by Defendants to the hosting companies and domain registrars, in the course of obtaining services that support their scheme, are likely to be the most accurate and viable contact information and means of notice and service. Moreover, Defendants will expect notice regarding their use of the hosting providers' and domain registrars' services to operate their scheme through those means, as Defendants agreed to such in their agreements. *See Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311 (1964) ("And it is settled ... that parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether."). For these reasons, notice and service by e-mail and publication are warranted and necessary here.

Finally, Microsoft has not seen any evidence to indicate that any Defendant resides in a jurisdiction that is subject to the Hague Convention on International Service. Lyons Decl. ¶ 60. Both requirements of Rule 4(f)(3) are thus satisfied. *E.g.*, *WhosHere*, 2014 U.S. Dist. LEXIS 22084, at *9 ("the court finds that the alternative methods proposed by plaintiff here do not violate any international agreement").[1]

---

[1] Additionally, if the physical addressees provided by Defendants to hosting companies turn out to be false and Defendants' whereabouts are unknown, the Hague Convention cannot apply in any event and alternative means of service, such as email and publication, would be appropriate for that reason as well. *See BP Products North Am., Inc.*, 236 F.R.D. at 271 ("The Hague Convention does not apply in cases where the address of the foreign party to be served is unknown.")

4

Accordingly, Plaintiff respectfully requests that the Court enter an order authorizing service of the summons and complaint in this action by emails to Defendants' known email addresses, and emails to the "abuse" contacts for the third-party ISPs whose services Defendants have used to conduct the Azure Abuse Enterprise.

Dated: December 19, 2024

Respectfully submitted,

JOSHUA CARRIGAN (VA Bar No. 96911)
jcarrigan@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone: + 202 339 8400
Facsimile: + 202 339 8500

ROBERT L. URIARTE (*Pro Hac Vice* forthcoming)
ruriarte@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
355 S. Grand Ave.
Ste. 2700
Los Angeles, CA 90017
Telephone: + 1 213 629 2020
Facsimile: + 1 213 612 2499

JACOB M. HEATH (*Pro Hac Vice* forthcoming)
jheath@orrick.com
ANA M. MENDEZ-VILLAMIL (*Pro Hac Vice* forthcoming)
amendez-villamil@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: + 1 415 773 5700
Facsimile: + 1 415 773 5759

LAUREN BARON (*Pro Hac Vice* forthcoming)
lbaron@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**

51 West 52nd Street
New York, NY 10019
Telephone: + 1 212 506 5000
Facsimile: + 1 212 506 5151

*Of Counsel:*

RICHARD BOSCOVICH
rbosco@microsoft.com
**MICROSOFT CORPORATION**
Microsoft Redwest Building C
5600 148th Ave NE
Redmond, Washington 98052
Telephone: +1 425 704 0867
Facsimile: +1 425 706 7329
*Attorneys for Plaintiff*
MICROSOFT CORPORATION