UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED

2024 DEC 19 P 3: 04

| | |
|---|---|
| Microsoft Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Does 1-10 Operating an Azure Abuse Network,<br><br>Defendants. | Case No. _____<br><br>**FILED UNDER SEAL** |

## NON-CONFIDENTIAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER SEALING DOCUMENTS

### INTRODUCTION

Microsoft has filed a Complaint and an Application for an Emergency *Ex Parte* Temporary Restraining Order and Related Relief ("TRO Application") to prevent the activities of John Doe Defendants 1 through 10 (collectively "Defendants") who are engaged in harmful and malicious Internet activities directed at Plaintiff, its customers, and the general public. Microsoft's TRO Application and supporting materials divulge details of where certain harmful instrumentalities used by Defendants may be found and accessed. It is important that Microsoft obtain effective relief disabling these instrumentalities before making information in its TRO Application public, and it is also important that Microsoft obtain control over or otherwise cause third-party preservation of relevant evidence before Defendants have an opportunity to move or destroy such evidence.

Plaintiff seeks *ex parte* relief in the TRO Application that will cease the irreparable harm resulting from Defendants' conduct. Plaintiff seeks *ex parte* relief under seal because advance public disclosure or notice of the requested relief would allow Defendants to evade such relief and further prosecution of this action, thereby perpetuating the irreparable harm at issue. The reasons

1

for Plaintiff's request are set forth in detail in the TRO Application filed concurrently herewith and papers filed in support thereof, including the declaration of Jason Lyons. Therefore, Plaintiff requests that this case and all documents filed in this case be sealed pending execution of the temporary restraining order sought in Plaintiff's TRO Application. Plaintiff's requested sealing order is narrowly tailored to impose the least restriction on the public's right of access to information as possible. Plaintiff requests that all sealed documents be immediately unsealed upon execution of the temporary restraining order.

## ARGUMENT

The First Amendment provides for public access to the courts, but that right of access is not without limits. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). Indeed, "the trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In Re The Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984); *see also Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988) (stating that to place documents under seal, the court must determine "that the denial [of access] serves an important governmental interest and that there is no less restrictive way to serve that governmental interest").

The Federal Rules of Civil Procedure also recognize the important public and judicial interest in protecting confidential business information. *See* Fed. R. Civ. P. 26(c)(1)(G) (empowering courts to order "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way"). Likewise, Supreme Court and Fourth Circuit authority recognize the necessity of non-public *ex parte* proceedings. *See Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438-39, 94 S.Ct. 1113 (1974) ("Ex parte temporary restraining orders are no doubt necessary in certain

circumstances...."); *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999) ("temporary restraining orders may be issued without full notice, even, under certain circumstances, *ex parte*"); *Bell v. True*, 356 F. Supp. 2d 613, 517 (W.D. Va. 2005) ("Material allowed to be filed *ex parte* will of course be kept sealed, to prevent its disclosure outside of the court."); *see also Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005) (upholding sealing of *ex parte* search warrants based on risk that evidence will be destroyed).

In this case, Plaintiff's rights and interests in protecting its ability to obtain emergency *ex parte* temporary relief, and the necessity of sealing to Plaintiff's ability to obtain such relief, is paramount over any competing public interest to immediate access to the information Plaintiff requests to be sealed. If Plaintiff's papers are not sealed, the relief sought would very likely be rendered fruitless and there is a substantial risk Defendants would destroy evidence. Declaration of Jason Lyons ¶ 59. The harm that would be caused by public filing of Plaintiff's Complaint and moving papers would far outweigh the public's right to access to that information. There is no need for the public to have immediate access to the Complaint, TRO Application, and supporting documents while Plaintiff is seeking *ex parte* relief which will only be effective if these materials remain under seal. Applying the balancing test set forth in governing law demonstrates that Plaintiff's interest in obtaining effective relief outweighs any immediate public right to disclosure.

Plaintiff only seeks to seal such information for a limited period of time, until after effective *ex parte* temporary relief has been obtained. After such point, sealing will no longer be necessary, and Plaintiff will immediately commence efforts to serve the Complaint—at which point, all documents may be promptly unsealed and the public will be given full access to these proceedings. Plaintiff, upon execution of the *ex parte* relief, will file with the Clerk of the Court a Notice that the temporary restraining order has been executed and will file all papers in this case on the public

docket.

Should, however, the Court decide not to grant the *ex parte* relief Plaintiff requests, Plaintiff asks that the subject materials remain sealed for an indefinite period, as public disclosure or notice absent the *ex parte* relief requested would facilitate Defendants' harmful and malicious Internet activities.

Given the limited period of sealing as an alternative that balances the public interest in access with Plaintiff's important interests in maintaining these materials under seal for a brief period of time, granting the instant request to seal is warranted and consistent with the legal framework for addressing this issue.

## CONCLUSION

Therefore, for all the foregoing reasons, Plaintiff requests that this entire case and the following documents in particular be kept under seal in accordance with Fed. R. Civ. P. 26(c)(1) and Local Civil Rule 5, pending execution of the *ex parte* relief sought in the TRO Application:

1. Motion for Protective Order Sealing Documents and attachments hereto, including the Non-Confidential Brief in support of this Motion;

2. Plaintiff's Complaint and the attachments thereto;

3. Pro Hac Vice Applications of Jacob Heath, Robert Uriarte, Ana Mendez-Villamil, and Lauren Baron;

4. Motion to Exceed Page Limits and attachments thereto;

5. Application for an Emergency *Ex Parte* Temporary Restraining Order and Related Relief and accompanying documents;

6. the Declaration of Maurice Mason in Support of Microsoft's Motion for Temporary Restraining Order and Related Relief and Exhibits thereto;

7. the Declaration of Jason Lyons in Support of Microsoft's Motion for Temporary Restraining Order and Related Relief and Exhibits thereto;

8. the Declaration of Rodelio Fiñones in Support of Microsoft's Motion for Temporary Restraining Order and Related Relief and Exhibits thereto;

9. [Proposed] *Ex Parte* Temporary Restraining Order;

10. Emergency *Ex Parte* Motion and Memorandum in Support of Motion for Expedited Discovery;

11. [Proposed] Order relating to Emergency *Ex Parte* Motion and Memorandum in Support of Motion for Expedited Discovery and attachments thereto;

12. Emergency *Ex Parte* Motion and Memorandum in Support of Motion to Permit Alternative Means of Service of Process and attachments thereto; and

13. [Proposed] Order relating to Emergency *Ex Parte* Motion and Memorandum in Support of Motion to Permit Alternative Means of Service of Process.

Dated: December 19, 2024

Respectfully submitted,

_____
JOSHUA CARRIGAN (VA Bar No. 96911)
jcarrigan@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone: + 202 339 8400
Facsimile: + 202 339 8500

ROBERT L. URIARTE (*Pro Hac Vice* forthcoming)
ruriarte@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
355 S. Grand Ave.
Ste. 2700
Los Angeles, CA 90017
Telephone: + 1 213 629 2020
Facsimile: + 1 213 612 2499

JACOB M. HEATH (*Pro Hac Vice* forthcoming)
jheath@orrick.com
ANA M. MENDEZ-VILLAMIL (*Pro Hac Vice* forthcoming)
amendez-villamil@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: + 1 415 773 5700
Facsimile: + 1 415 773 5759

LAUREN BARON (*Pro Hac Vice* forthcoming)
lbaron@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019
Telephone: + 1 212 506 5000
Facsimile: + 1 212 506 5151

*Of Counsel:*

RICHARD BOSCOVICH
rbosco@microsoft.com
**MICROSOFT CORPORATION**
Microsoft Redwest Building C
5600 148th Ave NE
Redmond, Washington 98052
Telephone: +1 425 704 0867
Facsimile: +1 425 706 7329

*Attorneys for Plaintiff*
MICROSOFT CORPORATION