FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2024 DEC 27 P 1:55

| | |
|---|---|
| Microsoft Corporation, <br><br> Plaintiff, <br><br> v. <br><br> Does 1-10 Operating an Azure Abuse Network, <br><br> Defendants. | Case No. 1-24-cv-2323-AJT <br><br> **FILED UNDER SEAL** |

## MOTION TO EXTEND TEMPORARY RESTRAINING ORDER FOR AN ADDITIONAL SEVEN DAYS

## INTRODUCTION

This case involves a sophisticated scheme by Defendants to abuse Microsoft's generative AI services using tools specifically designed to circumvent Microsoft's access controls and safety measures. On December 20, 2024, the Court issued an *ex parte* Temporary Restraining Order enjoining Defendants from (1) accessing without authorization the computers or software comprising Microsoft's Azure OpenAI Service, (2) sending malicious code to configure, deploy operate the Azure Abuse Enterprise, (3) generating and sending harmful images bearing false indicia of sponsorship or approval by Microsoft; and (4) stealing information, money, or property from Plaintiff or Plaintiff's customers. *See* ECF 21 (the "TRO"). The TRO further directs that traffic to the domain "aitism.net" ("Subject Domain") be directed to Microsoft name servers. Also on December 20, 2024, the Court granted Microsoft's motion for expedited discovery and motion to serve Defendants by alternative means, including email service.

Microsoft has coordinated with Verisign, Inc., the registry for the Subject Domain, to effect the Court's TRO by December 31, 2024. Upon execution of the TRO by Verisign and confirmation by Microsoft's technical team of same, Microsoft will promptly effect email service and other such means of service as authorized by the Court. For reasons explained more fully in Microsoft's TRO Brief, it is essential that Defendants not be given prior notice of this action before the Subject Domain is secured.

Because the TRO issued on December 20, 2024, the default 14-day period contemplated by Rule 65 will expire on January 3, 2025. Fed. R. Civ. P. 65(b)(2) ("The order expires…after …14 days…unless before that time the court, for good cause, extends it…"). Accordingly, to safeguard the Subject Domain and associated evidence until the Order to Show Cause hearing on January 10, 2025, Microsoft respectfully requests an order extending the TRO by seven days,

from January 3, 2025, to January 10, 2025, the date of the Order to Show Cause hearing. *See* Order at 5. This brief extension will not prejudice Defendants, since they will have an opportunity to be heard on January 10, 2025, less than 14-days after execution of the TRO.

## ARGUMENT

By default, a temporary restraining order "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). Perhaps because such issues are committed to the trial court's sound discretion, *Doe v. Univ. of N.C. Sys.*, 2023 U.S. Dist. LEXIS 183018, at *5 (W.D.N.C. Oct. 10, 2023), "there is little case law addressing what constitutes 'good cause' under Rule 65(b)(2)," *Direct Biologics, LLC v. McQueen*, 2022 U.S. Dist. LEXIS 92720, at *2 (W.D. Tex. May 16, 2022) (citing 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2953 (3d ed. 2022 Update)). "However, courts have found good cause" where "the grounds for originally granting the TRO continue to exist." *Id.* Courts have also found good cause for extensions where they needed additional time to "decide whether a preliminary injunction should be issued before the extension expires," *Builder Servs. Grp., Inc. v. Dillon*, 2024 U.S. Dist. LEXIS 161110, at *6 (W.D. Mo. July 16, 2024), or where complicated procedural issues made strict adherence to Rule 65's presumptive 14-day limit impracticable, *see H-D Mich., LLC v. Hellenic Duty Free Shops S.A.*, 2011 U.S. Dist. LEXIS 105725, at *3 (E.D. Wis. Sep. 19, 2011) (collecting cases like *Almetals, Inc. v. Wickeder Westfalenstahl, GMBH*, 2008 WL 624067, at *2-3 (E.D. Mich. 2008) (extending TRO until plaintiff could effect service under Hague Convention) and *U.S. v. City of Asbury Park*, 340 F. Supp. 555, 557 n.3 (D.N.J. 1972) (complex evidentiary issues)); see also

*Doe v. Univ. of N.C. Sys.*, 2023 U.S. Dist. LEXIS 183018, at *5 ("Chief Judge Reidinger, the presiding Judge in this case, will be out of chambers until the end of October, i.e., longer than fourteen days. This Court will likely find good cause to extend the restraining order until Chief Judge Reidinger's return").

Here, good cause exists to extend the TRO for all the reasons set forth in Microsoft's Application for an Emergency *Ex Parte* Order. There have been no material changes to the pertinent facts since issuance of the TRO. "Courts routinely find that good cause exists for an extension if the circumstances that supported the initial grant of the temporary restraining order" have not changed. *FTC v. Automators LLC*, 2023 U.S. Dist. LEXIS 150791, at *3 (S.D. Cal. Aug. 25, 2023) (collecting cases). In addition, it is important that the Subject Domain remain secured through the date of the OSC hearing on January 10, 2025, so that the Court can determine whether to convert the TRO into a preliminary injunction. *Dillon*, 2024 U.S. Dist. LEXIS 161110, at *6. Moreover, due to the timing of the TRO and its execution, extending the TRO to January 10, 2025 will not result in any deprivation to Defendants that exceeds 14 days. In fact, Defendants are prohibited by law from carrying out any of the conduct enjoined by the TRO, and from abusing the services of Verisign or others in furtherance of such conduct, so the TRO does not actually harm Defendants at all. *See, e.g., 3M Co. v. Performance Supply, LLC*, 458 F. Supp. 3d 181, 197 (S.D.N.Y. 2020) ("It would not be a 'hardship' for Defendant to refrain from engaging in unlawful activities"); *Millennium Funding v. Doe*, Civil Action No. 1:21-cv-282 (RDA/TCB), 2021 U.S. Dist. LEXIS 220120, at *40 (E.D. Va. Oct. 15, 2021) ("the only 'hardship' Defendant Doe would suffer from a permanent injunction would be the requirement to follow clearly established trademark law and to cease running its unlawful piracy application. This apparent hardship, however, does not affect the balancing of interests under this test.").

## CONCLUSION

For the foregoing reasons, Microsoft respectfully requests that the TRO be extended by seven days, until after the OSC hearing on January 10, 2025.

Dated: December 27, 2024

Respectfully submitted,

JOSHUA CARRIGAN (VA Bar No. 96911)
jcarrigan@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone: + 202 339 8400
Facsimile: + 202 339 8500


ROBERT L. URIARTE (*Pro Hac Vice* forthcoming)
ruriarte@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
355 S. Grand Ave.
Ste. 2700
Los Angeles, CA 90017
Telephone: + 1 213 629 2020
Facsimile: + 1 213 612 2499

JACOB M. HEATH (*Pro Hac Vice* forthcoming)
jheath@orrick.com
ANA M. MENDEZ-VILLAMIL (*Pro Hac Vice* forthcoming)
amendez-villamil@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: + 1 415 773 5700
Facsimile: + 1 415 773 5759

LAUREN BARON (*Pro Hac Vice* forthcoming)
lbaron@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019

Telephone: + 1 212 506 5000
Facsimile: + 1 212 506 5151

*Of Counsel:*

RICHARD BOSCOVICH
rbosco@microsoft.com
**MICROSOFT CORPORATION**
Microsoft Redwest Building C
5600 148th Ave NE
Redmond, Washington 98052
Telephone: +1 425 704 0867
Facsimile: +1 425 706 7329

*Attorneys for Plaintiff*
MICROSOFT CORPORATION