UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Microsoft Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Does 1-10 Operating an Azure Abuse Network,<br><br>Defendants. | Case No. 1:24-cv-2323-AJT<br><br>**FILED UNDER SEAL** |

**[PROPOSED] ORDER EXTENDING TEMPORARY RESTRAINING ORDER**

Plaintiff Microsoft Corporation ("Microsoft" or "Plaintiff") has filed a complaint for injunctive and other relief pursuant to: the Computer Fraud and Abuse Act ("CFAA") (18 U.S.C. § 1030); the Digital Millenium Copyright Act ("DMCA") (17 U.S.C. § 1201), the Lanham Act (15 U.S.C. §§ 1114, 116, & 1125); the Racketeer Influenced and Corrupt Organizations ("RICO") Act (18 U.S.C. § 1962(c)); the common law, and the All Writs Act (28 U.S.C. § 1651). Plaintiff moved *ex parte* for an emergency temporary restraining order ("TRO") which the Court granted on December 20, 2024. Microsoft now moves to extend the TRO for an additional seven days. Good cause having been shown, Microsoft's motion is GRANTED based on the following findings:

1.  There is good cause to believe that the Court's prior findings of fact continue and conclusions of law continue to apply as of the time of this order. The following prior findings in particular establish good cause for the brief TRO extension Microsoft requests:

    a)  Defendants have engaged in and are likely to engage in acts or practices that violate the CFAA (18 U.S.C. § 1030), the DMCA (17 U.S.C. § 1201), the Lanham Act (15 U.S.C. §§ 1114, 1116, 1125), the RICO Act (18 U.S.C. § 1962(c)), and constitute trespass to chattels and tortious interference, and that Microsoft is, therefore, likely to prevail on the merits of this action;

b) There is good cause to believe that immediate and irreparable damage to this Court's ability to grant effective final relief will result from the destruction or concealment of other discoverable evidence of Defendants' misconduct if Defendants receive notice of this action before the relief directed in the TRO can be fully effected;

c) Plaintiff's request for emergency *ex parte* relief is not the result of any lack of diligence on Plaintiff's part, but instead based upon the nature of Defendants' unlawful conduct and the need for third party cooperation in effecting the requested relief. Therefore, in accordance with Fed. R. Civ. P. 65(b), 15 U.S.C. § 1116(a) and 28 U.S.C. § 1651(a), good cause and the interest of justice require that this Order be Granted without prior notice to Defendants, and accordingly, Plaintiff is relieved of the duty to provide Defendants with prior notice of Microsoft's motion;

d) There is good cause to believe that Defendants will use the domain "aitism.net" and its subdomains to direct malicious communications to Microsoft's computers to further perpetrate their fraud on Plaintiff and its customers.

e) There is good cause to believe that to immediately halt the injury caused by Defendants, the execution of this Order should be carried out in a prompt and coordinated manner by Plaintiff and by the domain registry for "aitism.net" within a reasonable time after the registry receives notice of this order.

2. Defendants will not be prejudiced by the extension Microsoft seeks. Defendants do not have any legitimate interest that will be impaired by extending the TRO. Moreover, the aitism.com domain has not yet been secured, and the total time between securing of the domain and the Order to Show Cause hearing will be less than 14 days.

3. For all the reasons stated in the TRO, the balance of hardships and public interest weigh in favor of extending the TRO until Defendants respond to the Order to Show Cause on January 10, 2025.

4. The interests of justice support extending the TRO until January 10, 2025, at which point the Court will have more information with which to determine whether to convert the TRO into a preliminary injunction for the remainder of this case.

- 3 -

Accordingly, Microsoft's motion is **HEREBY GRANTED** and the TRO is and shall remain in place until January 10, 2025.

**IT IS SO ORDERED.**

Entered this ____ day of December, 2024.            _____
                                                                            Hon. Anthony J. Trenga
                                                                            United States District Judge