FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2025 JAN -8 P 2: 20

| | |
|---|---|
| Microsoft Corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>Does 1-10 Operating an Azure Abuse Network,<br><br>        Defendants. | Case No. 1-24-cv-2323-AJT |

**MOTION TO UNSEAL CASE AND NOTICE OF SERVICE**

## INTRODUCTION

This case involves a sophisticated scheme by Defendants to abuse Microsoft's generative AI services using tools specifically designed to circumvent Microsoft's access controls and safety measures. On December 20, 2024, the Court issued a sealed *ex parte* Temporary Restraining Order ("TRO"). The TRO and other proceedings in this case were temporarily maintained under seal in order to ensure effective relief, which has now been accomplished. Subsequent to serving subpoenas on relevant third parties and confirming the disabling of certain internet infrastructure used to carry out Defendants scheme, Microsoft promptly served on Defendants through known email addresses a copy of the Court's TRO and all substantive papers in this action. In addition, Microsoft understands that certain third-party subpoena recipients have also provided Defendants with notice of this action. Accordingly, consistent with the plan laid out in Microsoft's motion to seal and related papers, Microsoft provides notice to the Court that Defendants have been served and respectfully request that the Court unseal this action.

## ARGUMENT

The First Amendment provides for public access to the courts, but that right of access is not without limits. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). Indeed, "the trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In Re The Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984); *see also Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988) (stating that to place documents under seal, the court must determine "that the denial [of access] serves an important governmental interest and that there is no less restrictive way to serve that governmental interest").

The Federal Rules of Civil Procedure also recognize the important public and judicial

interest in protecting confidential business information. *See* Fed. R. Civ. P. 26(c)(1)(G) (empowering courts to order "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way"). Likewise, Supreme Court and Fourth Circuit authority recognize the necessity of non-public *ex parte* proceedings. *See Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438-39, 94 S.Ct. 1113 (1974) ("Ex parte temporary restraining orders are no doubt necessary in certain circumstances...."); *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999) ("temporary restraining orders may be issued without full notice, even, under certain circumstances, *ex parte*"); *Bell v. True*, 356 F. Supp. 2d 613, 517 (W.D. Va. 2005) ("Material allowed to be filed *ex parte* will of course be kept sealed, to prevent its disclosure outside of the court."); *see also Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005) (upholding sealing of *ex parte* search warrants based on risk that evidence will be destroyed).

In light of the foregoing principles, Microsoft only sought to seal this matter for a limited period of time, until after effective *ex parte* temporary relief could be obtained. That relief has now been obtained, and thus all documents may be promptly unsealed.

## CONCLUSION

Therefore, for all the foregoing reasons, Plaintiff requests that this entire case be unsealed, and that all documents filed in this case to date be made available for access through the Court's electronic filing system.

Dated: January 8, 2025

Respectfully submitted,

_____
JOSHUA CARRIGAN (VA Bar No. 96911)
jcarrigan@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**

- 3 -

2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone: + 202 339 8400
Facsimile: + 202 339 8500

ROBERT L. URIARTE (*Pro Hac Vice pending*)
ruriarte@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
355 S. Grand Ave.
Ste. 2700
Los Angeles, CA 90017
Telephone: + 1 213 629 2020
Facsimile: + 1 213 612 2499

JACOB M. HEATH (*Pro Hac Vice* pending)
jheath@orrick.com
ANA M. MENDEZ-VILLAMIL (*Pro Hac Vice* forthcoming)
amendez-villamil@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: + 1 415 773 5700
Facsimile: + 1 415 773 5759

LAUREN BARON (*Pro Hac Vice* pending)
lbaron@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019
Telephone: + 1 212 506 5000
Facsimile: + 1 212 506 5151

*Of Counsel:*
RICHARD BOSCOVICH
rbosco@microsoft.com
**MICROSOFT CORPORATION**
Microsoft Redwest Building C
5600 148th Ave NE
Redmond, Washington 98052
Telephone: +1 425 704 0867
Facsimile: +1 425 706 7329

*Attorneys for Plaintiff*
MICROSOFT CORPORATION