UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

RECEIVED

2025 JAN 10  A 9:08

| | |
|---|---|
| Microsoft Corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>Does 1-10 Operating an Azure Abuse Network,<br><br>            Defendants. | Case No. 1-24-cv-2323-AJT |

## SUPPLEMENTAL BRIEF IN SUPPORT OF REQUEST FOR PRELIMINARY INJUNCTION

### INTRODUCTION

This case involves a sophisticated scheme by Defendants to abuse Microsoft's generative AI services using tools specifically designed to circumvent Microsoft's access controls and safety measures. On December 20, 2024, the Court issued a sealed *ex parte* Temporary Restraining Order and subsequently entered an amended order extending the TRO on December 30, 2024 (collectively, the "TRO"). The Court's orders have been effective. In response to receiving notice of this action and the Court's TRO, Defendants and certain third parties disabled some of the infrastructure used to abuse Microsoft's AI services. As anticipated, Defendants have also tried to cover their tracks by deleting evidence of their activities.

Defendants have not responded to multiple emails from the undersigned and, as of the time of this filing, have not responded to the Court's OSC. Accordingly, for all the reasons stated in Microsoft's initial moving papers and the cases and supporting materials cited in this supplemental brief, Microsoft respectfully requests that the Court convert the TRO into a preliminary injunction pending final disposition of this action.

## ARGUMENT

The purpose of a preliminary injunction is to preserve the status quo pending final resolution of the case. *E.g., Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999). To obtain a preliminary injunction, a movant must demonstrate: (1) likely success on the merits; (2) likely irreparable harm in the absence of preliminary relief; (3) that the balance of equities favors an injunction; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def Council, Inc.*, 555 U.S. 7, 20 (2008). The Court considered these same factors in issuing the TRO and there is "no reason to disturb" those findings, particularly in view of Defendants' failure to respond to the Court's Order to Show Cause. *Clearone Advantage, LLC v. Kersen*, 713 F. Supp. 3d 86, 87-88 (D. Md. 2024) (citing *Glaxosmithkline, LLC v. Brooks,* 2022 WL 2916170, at *2 (D. Md. July 25, 2022) for the proposition that it "may be appropriate to convert a TRO into a preliminary injunction as a result of a defendant's failure to defend and/or failure to appear" and 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2949 (3d ed. 2023) (explaining that an evidentiary hearing on a preliminary injunction request is not required when there is no genuine controversy)).

"The same facts...that supported entering a TRO...support converting the TRO into a preliminary injunction." *Glaxosmithkline, LLC v. Brooks*, 2022 U.S. Dist. LEXIS 132470, at *12 (D. Md. 2022). Although certain of the subject infrastructure has been disabled, Defendants' malicious code is presumably still in their possession, creating a continuing risk of the misconduct at issue. In fact, some of Defendants' users have discussed continued efforts to abuse generative AI services notwithstanding the lawsuit. Declaration of Jason Lyons ("Lyons Supplemental Decl.") ¶ 4. Moreover, it appears that Defendants are attempting to conceal evidence of their activities. Lyons Decl. ¶ 3. Such bad faith conduct supports an injunction. *E.g., Mey v. Pintas*,

Civil Action No. 5:24-CV-55, 2024 U.S. Dist. LEXIS 99273, at *13 (N.D.W. Va. May 17, 2024) (bad faith conduct supported injunction); *Walsh v. Med. Staffing of Am., LLC*, 2023 U.S. Dist. LEXIS 203645, at *14 (E.D. Va. Sep. 7, 2023) ("Defendants' pattern of FLSA violations and bad faith efforts to avoid compliance weigh heavily in favor of granting a prospective injunction").

## CONCLUSION

For all the foregoing reasons, Plaintiff requests conversion of the TRO into a preliminary injunction pursuant to Rule 65.

Dated: January 10, 2025

Respectfully submitted,

_____
JOSHUA CARRIGAN (VA Bar No. 96911)
jcarrigan@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone: + 202 339 8400
Facsimile: + 202 339 8500

ROBERT L. URIARTE (*Pro Hac Vice pending*)
ruriarte@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
355 S. Grand Ave.
Ste. 2700
Los Angeles, CA 90017
Telephone: + 1 213 629 2020
Facsimile: + 1 213 612 2499

JACOB M. HEATH (*Pro Hac Vice* pending)
jheath@orrick.com
ANA M. MENDEZ-VILLAMIL (*Pro Hac Vice* forthcoming)
amendez-villamil@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: + 1 415 773 5700
Facsimile: + 1 415 773 5759

LAUREN BARON (*Pro Hac Vice* pending)
lbaron@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019
Telephone: + 1 212 506 5000
Facsimile: + 1 212 506 5151

*Of Counsel:*
RICHARD BOSCOVICH
rbosco@microsoft.com
**MICROSOFT CORPORATION**
Microsoft Redwest Building C
5600 148th Ave NE
Redmond, Washington 98052
Telephone: +1 425 704 0867
Facsimile: +1 425 706 7329

*Attorneys for Plaintiff*
MICROSOFT CORPORATION