UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

Microsoft Corporation,

        Plaintiff,

  v.

Does 1-10 Operating an Azure Abuse Network,

        Defendants.

Case No. 1:24-cv-02323-MSN-WEF

**[PROPOSED] PRELIMINARY INJUNCTION ORDER**

Plaintiff Microsoft Corporation ("Microsoft" or "Plaintiff") has filed a complaint for injunctive and other relief pursuant to: the Computer Fraud and Abuse Act ("CFAA") (18 U.S.C. § 1030); the Digital Millenium Copyright Act ("DMCA") (17 U.S.C. § 1201), the Lanham Act (15 U.S.C. §§ 1114, 116, & 1125); the Racketeer Influenced and Corrupt Organizations ("RICO") Act (18 U.S.C. § 1962(c)); the common law, and the All Writs Act (28 U.S.C. § 1651). Plaintiff moved *ex parte* for an emergency temporary restraining order ("TRO") which the Court granted on December 20, 2024. Microsoft subsequently moved for an order extending the TRO for an additional seven days, which the Court granted on January 2, 2025.

The Court's TRO directed Defendants to show cause by January 10, 2025 why the TRO should not be converted into a preliminary injunction for the remainder of the case. Defendants did not appear at the January 10, 2025, 10 a.m. hearing on the Court's order to show cause and have not otherwise responded to the order to show cause despite receiving notice of these proceedings.

Accordingly, based on the record, including Microsoft's supplemental brief and the supplemental declaration of Jason Lyons filed January 10, 2025, and good cause having been shown, the Court's TRO is hereby converted to a preliminary injunction that shall remain in place pending final disposition of this matter. The preliminary injunction is based on the following findings.

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1. There is good cause to believe that the Court's prior findings of fact and conclusions of law continue to apply as of the time of this order.

2. This Court has jurisdiction over the subject matter of this case and there is good cause to believe that it will have jurisdiction over all parties hereto. The Complaint states claims upon which relief may be granted against Defendants Does 1-10 under the CFAA (18 U.S.C. § 1030), the DMCA (17 U.S.C. § 1201), the Lanham Act (15 U.S.C. §§ 1114, 1116, 1125), the RICO Act (18 U.S.C. § 1962(c)), and the common law of trespass to chattels and tortious interference.

3. There is good cause to believe that Defendants have specifically directed their activities to computers located in the Eastern District of Virginia.

4. There is good cause to believe based on the January 9, 2025 declaration of Jason Lyons, filed with the Court on January 10, 2025, that Defendants have received actual notice of this action and the Court's prior orders.

5. Defendants have not responded to the Court's order to show cause.

6. Microsoft has registered trademarks representing the quality of its products and services and its brand, including the Microsoft® and Azure® marks.

7. Defendants have engaged in and are likely to engage in acts or practices that violate the CFAA (18 U.S.C. § 1030), the DMCA (17 U.S.C. § 1201), the Lanham Act (15 U.S.C. §§ 1114, 1116, 1125), the RICO Act (18 U.S.C. § 1962(c)), and constitute trespass to chattels and tortious interference. Microsoft is, therefore, likely to prevail on the merits of this action.

8. There is good cause to believe that Defendants have engaged in illegal activity by using the "aitism.net" domain, de3U software, Cloudflare tunnel, rentry.org subdomains, oai-reverse proxy, and AWS infrastructure in the manner described in Microsoft's TRO papers.

9.      There is good cause to believe that, unless Defendants are restrained and enjoined by Order of this Court, immediate and irreparable harm will result from the Defendants' further violations of law.

10.     There is good cause to believe that Defendants will use the domain "aitism.net" and its subdomains to direct malicious communications to Microsoft's computers to further perpetrate their fraud on Plaintiff and its customers, and that control over the "aitism.net" domain should remain with Microsoft pending final disposition of this action.

11.     Defendants do not have any legitimate interest that will be impaired by a preliminary injunction.

12.     The balance of hardships and public interest weigh in favor of converting the TRO to a preliminary injunction.

13.     Microsoft has deposited with the Court a bond in an amount that the Court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.

## **PRELIMINARY INJUNCTION**

**IT IS THEREFORE ORDERED** that, Defendants, their representatives, and persons who are in active concert or participation with them are temporarily restrained and enjoined from: (1) accessing without authorization the computers or software comprising Microsoft's Azure OpenAI Service, (2) sending malicious code to configure, deploy or operate the Azure Abuse Enterprise, (3) generating and sending harmful images bearing false indicia of sponsorship or approval by Microsoft; and (4) stealing information, money, or property from Plaintiff or Plaintiff's customers

**IT IS FURTHER ORDERED** that, with respect to any currently registered Internet domains used by Defendants to conduct the Azure Abuse Enterprise, the domain registries located in the United States shall take the following actions:

A.      Maintain unchanged the WHOIS or similar contact and identifying information as of the time of receipt of this Order and maintain the domains with the current registrar;

B.      The domains shall remain active and continue to resolve in the manner set forth in

this Order;

C. Prevent transfer or modification of the domains by Defendants or third parties at the registrar;

D. The domains shall be redirected to secure servers by changing the authoritative name servers to such name servers identified by Microsoft as may be necessary, and taking other reasonable steps to work with Microsoft to ensure the redirection of the domains, to ensure that Defendants cannot use them, and to maintain the domains under the control of Microsoft pending final disposition of this action;

E. Take all steps required to propagate the foregoing changes through the DNS, including domain registrars; and

F. Preserve all evidence that may be used to identify the Defendants using the domains.

**IT IS SO ORDERED.**

Entered this _____ day of January, 2025.

Hon. Michael S. Nachmanoff
United States District Judge