IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Microsoft Corporation,

        Plaintiff,

v.

Does 1-10 Operating an Azure Abuse Network,

        Defendants.

Civil Action No. 1-24-cv-2323

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

### INTRODUCTION

This case involves a sophisticated scheme by Defendants to abuse Microsoft's generative AI services using tools specifically designed to circumvent Microsoft's access controls and safety measures. On December 20, 2024, the Court issued an *ex parte* Temporary Restraining Order ("TRO"), authorized expedited discovery, and ordered service of process through alternative means on DOE Defendants for whom Microsoft had contact information. ECF No. 21. The Court's orders have been effective. Defendants received actual notice of this action, the Court's TRO disabled infrastructure used to abuse Microsoft's AI services, and through discovery and continued investigation, Microsoft has identified several of the persons identified as DOE Defendants in Microsoft's original complaint. Accordingly, Microsoft seeks leave to file a First Amended Complaint that names known individual defendants and adds new DOE Defendants that Microsoft discovered after filing its original complaint. This motion is based on Rule 15, the authorities cited herein, the pleadings on file, and the concurrently filed Proposed Amended Complaint and Declaration of Maurice Mason.

**FACTUAL BACKGROUND**

I.  **Overview of the Azure Abuse Enterprise**

As explained in detail in Microsoft's original complaint (ECF No. 1), TRO papers (ECF Nos. 4 & 4-1 to 4-31), and supplemental preliminary injunction papers (ECF Nos. 34, 34-1), Defendants in this case are members of an Azure Abuse Enterprise that consists of distinct groups of individuals responsible for developing, maintaining, and using a set of custom tools designed to abuse generative AI services provided by Microsoft and several other companies.

At a high level, the Azure Abuse Enterprise's scheme involves stealing Microsoft customer credentials, using those stolen credentials to gain unauthorized access to Microsoft's systems, and circumventing Microsoft's content filtering technology in order to generate and distribute harmful images, including misogynist, non-consensual intimate imagery. The harmful images generated by the Azure Abuse Enterprise include metadata comprising a digitally signed manifest identifying Microsoft's technology as the source of those harmful images, even though Microsoft goes to great lengths to prevent generation of harmful content.

The Azure Abuse Enterprise's malicious image generation is deeply gendered, with women most often targeted. Certain celebrities—including some male celebrities—also appear to have been a particular focus of the Azure Abuse Enterprise's malicious content generation. Malicious intent to generate harmful non-consensual intimate imagery is apparent from certain Defendants' deliberate technological circumvention methods and systematic efforts to repeatedly generate content that was in many instances humiliating and dehumanizing.

II.  **Developments Since Filing of the Original Complaint**

There have been several significant developments in Microsoft's investigation since Microsoft filed its original complaint and TRO papers on December 19, 2024. First, Microsoft

served and obtained responses to several subpoenas. Information obtained in response to Microsoft's subpoenas has furthered Microsoft's attribution efforts. Second, execution of the Court's temporary restraining order and preliminary injunction resulted in disruption of Defendants "aitism.net" infrastructure and yielded additional data related to the users of such infrastructure. Such data has also furthered Microsoft's attribution efforts. Third, in response to service of process on Defendants and public commentary about this litigation, Microsoft has received communications from certain Defendants and/or persons associated with Defendants. These communications have also furthered Microsoft's attribution efforts. Fourth, Microsoft has observed communications on public message boards such as 4chan and Rentry discussing this litigation, Microsoft, and its counsel. These and other developments have allowed Microsoft to ascertain the true identities of several people named in Microsoft's original complaint, and to identify several new individuals involved with the Azure Abuse Enterprise. Supplemental Declaration of Maurice Mason ("Mason Decl.") ¶¶ 7-38.

## III.    Newly Identified Defendants

The individuals Microsoft has identified fall into three general categories. The first category of individuals, referred to in Microsoft's proposed First Amended Complaint as the "Infrastructure Provider Defendants," provided the tooling (e.g., the de3u application and oai-reverse-proxy software), communications infrastructure (e.g., Cloudflare tunnel and reverse proxy domains), monetization mechanisms, and instructions for using their technology and services of the Azure Abuse Enterprise. Infrastructure Provider Defendants and unnamed co-conspirators of theirs include:

- Arian Yadegarnia, who appears to reside in the Islamic Republic of Iran
- Alan Krysiak, who appears to reside in the United Kingdom

- Ricky Yuen, who appears to reside in the Hong Kong Special Administrative Region of the People's Republic of China
- Phát Phùng Tấn, who appears to reside in the Socialist Republic of Vietnam
- A person who appears to reside in the United States, previously identified as DOE 2
- DOE 3, a person who appears to reside in the Republic of Austria and uses the alias "Sekrit"
- A person Microsoft has identified who appears to reside in the United States and uses the alias "Pepsi"
- A person Microsoft has identified who appears to reside in the United States and uses the alias "Pebble"

Mason Decl. ¶ 8.

The second group of individuals Microsoft has identified are end users of the Infrastructure Provider Defendants' technologies who used such technologies to generate non-consensual intimate imagery, often targeting specific celebrities. These Defendants, currently identified in Microsoft's original Complaint and proposed First Amended Complaint as Does 4-7 include:

- A person using the alias "dazz" believed to reside in United Kingdom
- A person using the alias "Jorge" believed to reside in United States
- A person using the alias "jawajawaable" believed to reside in Turkey
- A person using the alias "1phlgm" believed to reside in Russia

Mason Decl. ¶ 9.

A third group of individuals Microsoft has identified are end users who appear to have used the Azure Abuse Enterprises' technology and services to generate content that is not specifically in violation of Microsoft's terms of use. These individuals appear to have knowingly used the Azure Abuse Enterprises' malicious infrastructure to gain unauthorized access to Microsoft's systems, but did so to gain free services unrelated to the types of harmful content created by Does 4-7. These individuals include:

- DOE 8, an end user who appears to be located in Argentina
- DOE 9, an end user who appears to be located in Paraguay
- DOE 10, an end user who appears to be located in Denmark

Mason Decl. ¶ 10.

**IV.    Additional Evidence Developed Since December 2024**

Microsoft has developed substantial additional evidence since filing its original TRO application and Complaint in December 2024. After Microsoft served Defendants with the complaint and TRO in this action, Microsoft observed communications on 4chan starting on January 7th, 2025 and received anonymous emails discussing the litigation. Mason Decl. ¶¶12-17. These communications assisted Microsoft's attribution efforts. In addition, Microsoft has observed conduct by Defendants designed to obfuscate relevant evidence. For example, certain subpoena responses indicate that after Microsoft provided notice of this action to email addresses associated with Defendants, persons associated with those email addresses began deleting webpages and source code repositories related to the conduct described in Microsoft's complaint. Mason Decl. ¶ 9. In conjunction with the developments described above, Microsoft has continued its investigative efforts and has uncovered significant additional attribution evidence. Although Microsoft's investigation is ongoing, the evidence Microsoft has developed to date

establishes the true identities of the persons identified by name in the Proposed First Amended Complaint.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 permits a plaintiff to amend a complaint "once as a matter of course" within either 21 days after serving the complaint, or "21 days after service of a responsive pleading or . . . a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

"The Court should freely give leave when justice so requires." *Id*. Courts should grant leave to amend unless the amendment "(1) would be prejudicial to the opposing party, (2) there has been bad faith on the part of the moving party, or (3) the amendment would have been futile." E.g., *Boczek v. Pentagon Fed. Credit Union*, No. 1:23-CV-43 (KLEEH), 2024 U.S. Dist. LEXIS 208340, at *3-4 (W.D. Va. Nov. 15, 2024) (citations omitted).

## ARGUMENT

Microsoft's motion to file an amended complaint that identifies Defendants based on discovery taken to date is "precisely what the rules contemplate," *i.e.,* "conform[ing] the facts as alleged in [the] Complaint to new information revealed during discovery." *Hetrick v. IINKCorp.*, No. 1:23cv961 (DJN), 2024 U.S. Dist. LEXIS 155068, at *4 (E.D. Va. Aug. 28, 2024) (quotations and citations omitted). Because the federal rules "strongly favor granting leave to amend," a motion to amend under Rule 15(a) "should be denied *only* when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *E.g.*, *Nicole v. Holy Cross Hosp. of Silver Spring*, Civil Action No. AW-04-3039, 2005 U.S. Dist. LEXIS 52828, at *1-2 (D. Md. Sep. 8, 2005)

establishes the true identities of the persons identified by name in the Proposed First Amended Complaint.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 permits a plaintiff to amend a complaint "once as a matter of course" within either 21 days after serving the complaint, or "21 days after service of a responsive pleading or . . . a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

"The Court should freely give leave when justice so requires." *Id*. Courts should grant leave to amend unless the amendment "(1) would be prejudicial to the opposing party, (2) there has been bad faith on the part of the moving party, or (3) the amendment would have been futile." E.g., *Boczek v. Pentagon Fed. Credit Union*, No. 1:23-CV-43 (KLEEH), 2024 U.S. Dist. LEXIS 208340, at *3-4 (W.D. Va. Nov. 15, 2024) (citations omitted).

## ARGUMENT

Microsoft's motion to file an amended complaint that identifies Defendants based on discovery taken to date is "precisely what the rules contemplate," *i.e.,* "conform[ing] the facts as alleged in [the] Complaint to new information revealed during discovery." *Hetrick v. IINKCorp.*, No. 1:23cv961 (DJN), 2024 U.S. Dist. LEXIS 155068, at *4 (E.D. Va. Aug. 28, 2024) (quotations and citations omitted). Because the federal rules "strongly favor granting leave to amend," a motion to amend under Rule 15(a) "should be denied *only* when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *E.g.*, *Nicole v. Holy Cross Hosp. of Silver Spring*, Civil Action No. AW-04-3039, 2005 U.S. Dist. LEXIS 52828, at *1-2 (D. Md. Sep. 8, 2005)

(citing *inter alia Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)); *Lewis v. Jayco, Inc.*, Civil Action No. 3:19cv578, 2019 U.S. Dist. LEXIS 148598, at *7 (E.D. Va. Aug. 29, 2019) (permitting amendment based on information developed in discovery). None of these factors is applicable to the instant motion.

**No Prejudice**. Microsoft's amended complaint will not prejudice any Defendant. No Defendant has appeared in this case to date. To the extent any Defendant would be burdened by having to respond to the Amended Complaint, such "burdens are faced by every other party who opposes a motion to amend" and do not amount to prejudice for purposes of a Rule 15(a)(2) motion. *Glob. Locating Sys., LLC v. ShadowTrack 247, LLC*, No. 1:19-cv-00225-MR, 2020 U.S. Dist. LEXIS 77878, at *5 (W.D.N.C. May 1, 2020) (citations omitted). "Denying motions to amend because of such burdens would subvert the 'liberal amendment policy' imposed by Rule 15(a)(2) by allowing the exception to swallow the rule." *Id.* (citing *Cook v. Howard*, 484 F. App'x 805, 814 (4th Cir. 2012)). "Moreover, any prejudice to the Defendant is diminished by the fact that the Defendant[s] ha[ve] known that the Plaintiff might amend its Complaint" since they first received notice of this action. *Id.*; see ECF No. 1 at ¶ 9 ("Microsoft will amend this complaint to allege Defendants' true names and capacities when ascertained through discovery of admissible evidence"). "The relatively short time between the Plaintiff's discovery of the facts necessitating the amendment and the filing of the amendment also shows the lack of prejudice to the Defendants." *Id.* at *5-6

**No Bad Faith**. Bad faith amendments are "abusive" or "made in order to secure some ulterior tactical advantage." *GSS Props., Inc. v. Kendale Shopping Ctr., Inc.*, 119 F.R.D. 379, 381 (M.D.N.C. Mar. 15, 1988) (citation omitted). "Bad faith generally involves changing legal theories and the belated presentation of facts which the pleader was already aware of in an effort

to delay ultimate resolution." *Newman v. Ambry Genetics Corp*., Civil Action No. 2:24-cv-00887-BHH, 2024 U.S. Dist. LEXIS 192666, at *12 (D.S.C. Oct. 23, 2024). No such facts are presented here. Microsoft is acting in good faith by doing exactly what it said it would do: promptly amending the complaint to identify DOE defendants based on evidence developed through discovery and further investigation. *Akira Techs., Inc. v. Conceptant, Inc.,* Civil Action No. 1:17-cv-412, 2018 U.S. Dist. LEXIS 234788, at *6-7 (E.D. Va. Apr. 12, 2018) ("The instant motion was promptly filed in good faith following the close of discovery").

**No Futility**. For purposes of a Rule 15(a) motion, "leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion." *Owens v. O'Malley*, No. 1:23-cv-01623-JRR, 2024 U.S. Dist. LEXIS 126587, at *4 (D. Md. July 18, 2024) (citing *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc*., 525 F.3d 370, 376 (4th Cir. 2008)). The standard for showing lack of futility is "much less demanding" than the standard for defeating a Rule 12 motion, however. *Id*. A motion to amend should be denied as futile only if the "proposed amendment is clearly insufficient or frivolous on its face." *Id*. (citing *Johnson v. Oroweat Foods Co*., 785 F.2d 503, 510 (4th Cir. 1986)). Here, Microsoft's proposed First Amended Complaint pleads the same facts and legal theories asserted in Microsoft's original complaint. The Court has already determined that Microsoft's original complaint gives rise to plausible claims for relief—in fact, the Court has already determined that Microsoft has a strong probability of success on the merits of its claims. ECF Nos. 21 (TRO); 38 (Preliminary Injunction Order). Accordingly, Microsoft's proposed amendment, which adds only further details regarding Defendants' scheme and the identifies certain of Defendants true names, cannot be deemed futile.

## CONCLUSION

For the foregoing reasons, Microsoft respectfully requests that its Motion to Amend be granted.

Dated: February 27, 2025

Respectfully submitted,

*/s/ Joshua Carrigan*
_____

JOSHUA CARRIGAN (VA Bar No. 96911)
jcarrigan@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone: + 202 339 8400
Facsimile: + 202 339 8500

ROBERT L. URIARTE (*Pro Hac Vice* forthcoming)
ruriarte@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
355 S. Grand Ave.
Ste. 2700
Los Angeles, CA 90017
Telephone: + 1 213 629 2020
Facsimile: + 1 213 612 2499

JACOB M. HEATH (*Pro Hac Vice* forthcoming)
jheath@orrick.com
ANA M. MENDEZ-VILLAMIL (*Pro Hac Vice* forthcoming)
amendez-villamil@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: + 1 415 773 5700
Facsimile: + 1 415 773 5759

LAUREN BARON (*Pro Hac Vice* forthcoming)
lbaron@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019
Telephone: + 1 212 506 5000

Facsimile: + 1 212 506 5151

*Of Counsel:*

RICHARD BOSCOVICH
rbosco@microsoft.com
**MICROSOFT CORPORATION**
Microsoft Redwest Building C
5600 148th Ave NE
Redmond, Washington 98052
Telephone: +1 425 704 0867
Facsimile: +1 425 706 7329
COUNSEL FOR MICROSOFT