UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MICROSOFT CORPORATION,
    *Plaintiff*,

v.

ARIAN YADEGARNIA, RICKY YUEN, ALAN KRYSIAK, PHAT PHUNG TAN, AND DOES 4-10 OPERATING AN AZURE ABUSE NETWORK,
    *Defendants.*

No. 1:24-cv-2323-MSN-WEF

**ORDER**

This matter is before the Court on its own initiative as a result of Plaintiff's proposed summonses regarding the Amended Complaint (Dkt. 42).

Plaintiff requests issuance of summonses to current Defendants but does not specify the means by which Plaintiff intends to serve such summonses. (*See* Dkt. 42). Plaintiff has now identified the specific countries in which each Defendant appears to reside (*See* Dkt. 39 at 3–5), including one Defendant (Doe 5 – "Jorge" – Dkt. 39 at 4) who is believed to reside in the United States, but the proposed summonses do not identify specific addresses or other contact information for any Defendant (except for email addresses for some Defendants). (*See generally* Dkt. 42).

Accordingly, it is hereby

**ORDERED** that within seven (7) days of the entry of this Order, Plaintiff will explain to this Court (1) how it intends to serve the summonses on the current Defendants; and (2) why such methods would be proper under Federal Rule of Civil Procedure 4; and it is further

**ORDERED** that to the extent that Plaintiff seeks alternative foreign service pursuant to

Rule 4(f)(3), or any other means of service permitted only by leave of court, it must move the Court for such relief within seven (7) days of the entry of this Order.[1]

**ENTERED** this 13th day of March, 2025.

_William E. Fitzpatrick_
WILLIAM E. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia

---

[1] Plaintiff previously requested, and the Court allowed, alternative email service of the original Complaint (Dkts. 12, 25), but Plaintiff never requested, nor did the Court grant, alternative service of the Amended Complaint.

Additionally, the Court also ordered that "if Plaintiff Microsoft discovers that any of the defendant Does are domestic persons, it shall so advise the Court at the January 10, 2025 status conference and state why service of process by email on a domestic person is sufficient or the manner it intends to effect service of process on a domestic person in accordance with the Federal Rules of Civil Procedure." (Dkt. 25 at 2). Although the case has progressed past the January 10 status conference, the Court's underlying concern remains given that Plaintiff has now identified Doe 5 "Jorge" as apparently residing in the United States.