UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>ARIAN YADEGARNIA, RICKY YUEN, and PHAT PHUNG TAN.<br><br>    Defendants. | Case No. 1:24-cv-2323 |

## MOTION FOR ALTERNATIVE SERVICE ON DEFENDANTS YUEN AND TẤN

  Microsoft filed this case in December 2024 against multiple Doe Defendants and subsequently filed a First Amended Complaint ("FAC") naming *inter alia* three foreign nationals referred to in the First Amended Complaint as "Infrastructure Provider Defendants." Dkt. 41, FAC ¶ 41. Each of these Infrastructure Provider Defendants used U.S.-based infrastructure to distribute stolen authentication information and/or malicious computer code used for the purpose of abusing generative AI services provided by U.S. companies. The Court previously authorized Rule 4(f)(3) alternative service of the FAC on Defendant Arian Yadegarnia and service on him is complete. Dkt. 45 & 51.

  The other two remaining Defendants, Messrs. Ricky Yuen and Phát Phùng Tấn, are believed to reside in countries that are signatories to the Hague Service Convention. Microsoft endeavored to effect formal Hague Convention service on Defendants Yuen and Tấn but was unable to obtain their current physical addresses. Accordingly, Microsoft now moves for an order authorizing email service on Defendants Yuen and Tấn. Microsoft expects that, like Defendant Yadegarnia, Defendants Yuen and Tấn will decline to appear, in which case Microsoft will promptly initiate default proceedings to bring this case to conclusion.

**FACTUAL BACKGROUND**

This case involves a scheme to create harmful images by abusing the generative AI services of multiple U.S. companies. At the center of this scheme are network infrastructure, malicious software, and stolen customer credentials used and trafficked by the remaining Infrastructure Provider Defendants. To summarize briefly, the Infrastructure Provider Defendants created, hosted, and distributed to others stolen credentials and/or software designed specifically for gaining unauthorized access to services like Microsoft's Azure OpenAI Service. The Infrastructure Provider Defendants and their end users then exploited their unauthorized access to such services to create harmful images, using custom software to circumvent technical content filtering measures. Dkt. 4 at 4-17 (*Ex Parte* TRO Application). The Infrastructure Provider Defendants and their end users also used a combination of chat groups and public message boards like 4chan to distribute harmful images, and to discuss how to use (and in some cases, to monetize) the Infrastructure Provider Defendants' services. *See id*.

In late December 2024, Microsoft sued multiple Doe Defendants ("Defendants") and obtained a series of *ex parte* orders that permitted Microsoft to seize certain malicious infrastructure located in the U.S. (Dkt. 20), to conduct expedited discovery (Dkt. 23), and to effect service of process on Doe Defendants via email to their known email addresses and emails to the abuse contacts for third-party internet service providers ("ISPs") whose services Defendants used to carry out their enterprise (Dkt. 25). After executing the TRO on January 7, 2025 and sending out notice emails, Microsoft published and communicated to Defendants a website hosting all case documents, https://www.noticeofpleadings.net/fizzdog/index.html.

The TRO and Microsoft's actions thereafter disabled the core infrastructure the Defendants were using to operate their scheme and resulted in multiple Defendants receiving

2

actual notice of this lawsuit.[1] Communications on 4chan message boards used by certain Defendants to discuss and distribute harmful content discussed Microsoft's lawsuit and the fact that the subject services had stopped working, and some Defendants began deleting evidence in an attempt to cover their tracks. Dkt. 34-1 ("Lyon's Decl.") ¶¶ 3-4; Dkt. 39-2 ("Mason Decl.") ¶¶ 12-18. Microsoft and its counsel received direct communications from certain Defendants and/or persons associated with them. Id. ¶ 7. Microsoft's attorneys of record were also doxed by users of the subject 4chan message boards in apparent retaliation for bringing this lawsuit. *Id*. ¶¶ 7 & 16.

Aided by responses to Microsoft subpoenas in this case, continued investigation into the communications described above, and other intelligence gathered as a result of the TRO, Microsoft developed significant attribution information that permitted Microsoft to file a First Amended Complaint naming *inter alia* remaining Infrastructure Provider Defendants Yadegarnia, Yuen, and Tấn. Dkt. 39 ("Motion to Amend") at 2-5; Dkt. 39-2 ("Mason Decl.") ¶¶ 7-35; Dkt. 41 ("FAC") ¶ 41.[2] After the filing of Microsoft's motion to amend, Microsoft investigators observed additional traffic on relevant 4chan message boards pasting content from the FAC and discussing Microsoft's new allegations. Declaration of Robert L. Uriarte ("Uriarte Decl.") ¶ 5. Pursuant to the Court's order authorizing alternative service on him, Dkt. 45, Microsoft effected email service on Defendant Yadegarnia but he has not appeared in this case or responded to communications from Microsoft's counsel. Dkt. 51 (Certificate of Service); Uriarte Decl. ¶6.

---

[1] The TRO converted into a temporary injunction on January 10, 2025, Dkt. 38, and the subject infrastructure has remained disabled since then.
[2] In addition to the actions Microsoft has taken in this civil case, Microsoft has also initiated multiple domestic and foreign criminal referrals based on the information it has gathered to date.

3

Microsoft has been unable to obtain current physical address information for Defendants Yuen and Tấn. *Id*. ¶¶ 7-8. Microsoft engaged third party investigators in Hong Kong and Vietnam to try and find current physical addresses for Defendants Yuen and Tấn but those investigations have proved unsuccessful. *Id*. ¶ 8. However, Microsoft's investigation has uncovered several email addresses for Defendants Yuen and Tấn. *Id*.

## ARGUMENT

Under Federal Rule of Civil Procedure 4, courts may order service of process on individuals in a foreign country by "means not prohibited by international agreement." *JFXD TRX Acq LLC v. Trx.Com,* Civil Action No. 1:23-cv-217 (CMH/LRV), 2023 U.S. Dist. LEXIS 238064, at *1-2 (E.D. Va. Apr. 3, 2023). Federal Rule of Civil Procedure 4(f) gives effect to the Hague Service Convention and generally requires a plaintiff to first attempt service by formal means on an individual located in a Hague Convention jurisdiction. *See, e.g., Banilla Games, Inc. v. Guangzhou Crazy Software Tech. Co., Ltd.*., Civil Action No. 3:23CV183 (RCY), 2023 U.S. Dist. LEXIS 202083, at *5 (E.D. Va. Nov. 9, 2023); *BP Prods. N. Am. v. Dagra*, 236 F.R.D. 270, 272 (E.D. Va. 2006). In cases where Hague Convention service cannot be achieved through the exercise of reasonable diligence, alternative service in a foreign country is acceptable under Rule 4(f)(3) "so long as diligent attempts have been made to locate the defendant and serve process by traditional means." *Id.*; *DAG Ammo Corp. v. KM Trade d.o.o.*, No. 3:21cv332 (DJN), 2021 U.S. Dist. LEXIS 257187, at *3 (E.D. Va. June 4, 2021) (email service authorized where plaintiff first "reasonably attempted to effectuate service" under Hague Convention); *accord Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619-YGR, 2012 U.S. Dist. LEXIS 42160 (N.D. Cal. Mar. 27, 2012)(initial attempts to serve defendants at their physical addresses weighed in favor of authorizing email service)).

To "fulfill due process requirements under Rule 4(f)(3), the Court must approve a method of service that is 'reasonably calculated' to give notice to defendant." *JFXD TRX Acq LLC v. Trx.Com,* Civil Action No. 1:23-cv-217 (CMH/LRV), 2023 U.S. Dist. LEXIS 238064, at *1-2 (E.D. Va. Apr. 3, 2023) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Where a plaintiff's reasonable effort to formally serve a defendant at a physical address has failed, courts commonly find that "service of process by electronic mail is authorized by and warranted under Rule 4(f)(3)." *Williams v. Advert. Sex L.L.C.*, 231 F.R.D. 483, 488 (N.D.W. Va. 2005); *see also DAG Ammo Corp. v. KM Trade d.o.o.*, 2021 U.S. Dist. LEXIS 257187, at *3; *Overstock.com, Inc. v. Visocky*, 117CV1331LMBTCB, 2018 WL 5075511, at *4 (E.D. Va. Aug. 23, 2018), report and recommendation adopted, 2018 WL 5046673 (E.D. Va. Oct. 17, 2018) (service via email on foreign defendant is "reasonably calculated" to provide notice); *Banana Ads, LLC*, 2012 U.S. Dist. LEXIS 42160, at *5-6. [3]

Here, Microsoft set out to serve Defendants Yuen and Tấn through formal Hague Convention channels because Microsoft believes they reside in Hague Convention jurisdictions. Uriarte Decl. ¶ 7. However, because Microsoft's diligent investigative efforts have yielded only email addresses for Defendants Yuen and Tấn and have not uncovered their current physical addresses, *id*. ¶8, Hauge Convention service is not required at this point and email service is

---

[3] *Banana Ads* included a Hong Kong defendant. Courts disagree about whether China's general objection to Article 10 of the Hague Convention precludes email service. *Likas v. Chinacache Int'l Holdings, Ltd.*, 2020 U.S. Dist. LEXIS 90923, at *7 (C.D. Cal. 2020) (noting disagreement, approving email service in China); *Tottenham Hotspur Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A",* 2025 U.S. Dist. LEXIS 122998, at *5 (S.D. Fla. 2025)(approving email service in Vietnam); *contra Cawthon v. Manh,* 2024 U.S. Dist. LEXIS 172976, at *8 (S.D.N.Y. 2024) (Vietnam's objection to Art. 10 applies to email); *Banilla Games, Inc. v. Guangzhou Crazy Software Tech. Co., Ltd..,* 2023 U.S. Dist. LEXIS 202083, at *7 (E.D. Va. 2023)(similar, China). This disagreement is immaterial here: Defendants' addresses are unknown, so the Convention does not apply. *E.g.*, *Chen Lunxi* and *Xiong Li, infra*. at 6.

5

appropriate. *See, e.g., BP Prods*., 236 F.R.D. at 271 ("the Hague Convention does not apply when a defendant's address is unknown…"). "The Hague Convention contains an explicit exemption where the address of the foreign party to be served is unknown: 'This Convention shall not apply where the address of the person to be served with the document is not known..'" *Xiong Li v. Unincorporated Ass'ns Identified in Schedule A*, No. 3:25cv47(DJN), 2025 U.S. Dist. LEXIS 129686, at *11 (E.D. Va. Feb. 7, 2025) (quoting Hague Service Convention, Art. 1, 20 U.S.T. 361 (U.S.T.1969)); *accord Chen Lunxi v. Doe*, Civil Action No. 1:19-cv-1027 (AJT/TCB), 2020 U.S. Dist. LEXIS 74849, at *9 (E.D. Va. Mar. 27, 2020) (approving email service on defendant believed to be in China where physical address was unknown); *Tesla, Inc. v. Individuals*, 2024 U.S. Dist. LEXIS 246713, at *13 (W.D. Tex. Apr. 19, 2024) (same, Vietnam).

      Email service is particularly appropriate in cases like this one, where a defendant has provided email contacts to others in connection with the complained of activity, *see, e.g., WhosHere, Inc. v. Orun,* Civil Action No. 1:13-cv-00526-AJT-TRJ, 2014 U.S. Dist. LEXIS 22084, at *11 (E.D. Va. Feb. 20, 2014), and is engaged in internet-based misconduct, *Rio Properties, Inc. v. Rio Int'l. Interlink*, 284 F.3d 1007, 1014-1015 (9th Cir. 2002) ("e-mail may be the only means of effecting service of process" in cases involving international "scofflaw[s]"); *Williams*, 231 F.R.D. at 488 (following *Rios*); *FMAC Loan Receivables*, 228 F.R.D. at 534 (E.D. Va. 2005) (same). Accordingly, Microsoft requests an order permitting it to serve Defendants Yuen and Tấn via the email addresses uncovered by Microsoft's investigators in the course of prosecuting this case.

**CONCLUSION**

For the foregoing reasons, Microsoft respectfully requests an order granting its motion authorizing service of process on Defendants Yuen and Tấn via the email addresses currently known to Microsoft.

Dated:  October 1, 2025                                       Respectfully submitted,

                                                                                  /s/Sten Jensen

                                                                                 STEN JENSEN (VA Bar No. 38197)
                                                                                 sjensen@orrick.com
                                                                                 JOSHUA POND (VA Bar No. 68545)
                                                                                 jpond@orrick.com
                                                                                 **ORRICK, HERRINGTON & SUTCLIFFE LLP**
                                                                                 2100 Pennsylvania Avenue NW
                                                                                 Washington, D.C. 20037
                                                                                 Telephone: + 202 339 8400
                                                                                 Facsimile: + 202 339 8500

                                                                                 ROBERT L. URIARTE (*Pro Hac Vice*)
                                                                                 ruriarte@orrick.com
                                                                                 **ORRICK, HERRINGTON & SUTCLIFFE LLP**
                                                                                 355 S. Grand Ave.
                                                                                 Ste. 2700
                                                                                 Los Angeles, CA 90017
                                                                                 Telephone: + 1 213 629 2020
                                                                                 Facsimile: + 1 213 612 2499

JACOB M. HEATH (*Pro Hac Vice*)
jheath@orrick.com
ANA M. MENDEZ-VILLAMIL (*Pro Hac Vice*)
amendez-villamil@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: + 1 415 773 5700
Facsimile: + 1 415 773 5759

LAUREN BARON (*Pro Hac Vice*)
lbaron@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019
Telephone: + 1 212 506 5000
Facsimile: + 1 212 506 5151

*Of Counsel:*

RICHARD BOSCOVICH
rbosco@microsoft.com
**MICROSOFT CORPORATION**
Microsoft Redwest Building C
5600 148th Ave NE
Redmond, Washington 98052
Telephone: +1 425 704 0867
Facsimile: +1 425 706 7329
*Attorneys for Plaintiff*
MICROSOFT CORPORATION